IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| CARLA GRACE ENGLER, | |
|---|---|
| Movant, | No. C09-1014-LRR |
| | No. CR05-1021-LRR |
| vs. | |
| | ORDER |
| UNITED STATES OF AMERICA. | |

This matter appears before the court on Carla Grace Engler's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1). Carla Grace Engler ("the movant") filed such motion on April 3, 2009.[1] Additionally, the movant filed a motion to hold proceedings in abeyance (docket no. 8) on November 18, 2009.

At this point in time, the court finds that there is no reason to prolong this action any further, especially considering the claims that are advanced by the movant.[2] Additionally, in light of the record, the court does not believe it is necessary for the movant to consult with her co-defendant. Accordingly, the movant's motion to hold proceedings in abeyance (docket no. 8) is denied.

Having conducted its preliminary consideration of the movant's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court directs the government and the movant to respond in the following manner:

---

[1] The court notes that, although provided multiple opportunities, the movant elected not to file a brief in support of the three claims that she included in her motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

[2] A review of the movant's claims suggests that they are general in nature, contradicted by the record, procedurally barred and/or without merit, especially considering the fact that defense counsel did file a motion to suppress on her behalf and the government introduced overwhelming evidence against her during trial.

1. The government is directed to file a brief in response to the movant's § 2255 motion on or before February 10, 2012. The government may attach relevant exhibits to its brief.

2. If she so chooses, the movant is directed to file a brief in reply to the government's response on or before February 29, 2012.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied). Therefore, counsel whose representation is challenged is directed to file with the court an affidavit that responds only to the movant's specific allegation(s) of ineffective assistance of counsel. Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s). In addition, counsel is directed to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s). This court-supervised response to the movant's allegation(s) must be filed with the court on or before

January 10, 2012. The clerk's office is directed to provide a copy of this order to the movant's former counsel.[3]

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a supplemental CJA 20 voucher. Absent exceptional circumstances or an extraordinary reason for doing so, counsel's claim for services should not exceed 10 hours

---

[3] The American Bar Association provides guidance as to when an attorney may reveal information that relates to the representation of a client who alleges ineffective assistance of counsel. Specifically, the ABA, in relevant part, states:
> [a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary [. . .] to respond to allegations in any proceeding concerning the lawyer's representation of the client [or] to comply with other law or a court order.

ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15 (addressing disclosures that are adverse to the client). Concerning Model Rule 1.6, counsel is advised to read ABA Formal Opinion 10-456, Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010). It may be accessed at the following website: http://www.americanbar.org/content/dam/aba/migrated/2011_build/professional_respon sibility/ethics_opinion_10_456.authcheckdam.pdf. Alternatively, such opinion may be accessed by visiting the ABA's website and typing into the search feature "10-456". If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

and claim for other expenses should not exceed $250.00.

**IT IS SO ORDERED**.

**DATED** this 12th day of December, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA