# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CARLA GRACE ENGLER, | |
| Movant, | No. C09-1014-LRR |
| | No. CR05-1021-LRR |
| vs. | |
| UNITED STATES OF AMERICA. | ORDER |

_____

This matter appears before the court on Carla Grace Engler's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Carla Grace Engler ("the movant") filed such motion on April 3, 2009. Although the court extended the time to file a brief in support of her motion pursuant to 28 U.S.C. § 2255 several times, the movant never filed a brief. On December 13, 2011, the court, among other things, directed the government to respond to the movant's claims (civil docket no. 9). On January 10, 2012, former defense counsel filed an affidavit (civil docket no. 10). On February 6, 2012, the government filed a resistance (civil docket no. 11). The movant never filed a reply. The court now turns to consider the movant's motion pursuant to 28 U.S.C. § 2255.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . .

allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, the record indicates that the movant's ineffective assistance of counsel claims and counsel for the co-defendant claim are meritless and/or procedurally defaulted. As such, the court finds that there is no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the

facts in the movant's case. Specifically, the government correctly relied on defense counsel's affidavit and concluded that defense counsel provided professional and effective assistance to the movant and the movant suffered no prejudice as a result of defense counsel's actions. Additionally, the government correctly concluded that the counsel for the co-defendant claim is procedurally defaulted and, even if it was not procedurally defaulted, she suffered no prejudice.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The court concludes that the conduct of defense counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and defense counsel's performance did not prejudice the movant's defense, *id*. at 692-94. The record clearly establishes that defense counsel fully litigated the movant's rights under the Fourth Amendment, investigated nearly all possible avenues and zealously advocated on behalf of the movant. And, even if defense counsel had called more witnesses or successfully severed the trial, there is not a reasonable probability that the result of the proceeding would have been different. Stated differently, the factfinder would not have had a reasonable doubt respecting guilt because the properly admitted evidence of the movant's guilt was overwhelming. Considering all of the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claims and no violation of the movant's constitutional

right to counsel occurred. Nothing the movant states in support of her request for relief leads the court to conclude that a violation of the Sixth Amendment occurred. Lastly, the court concludes that the movant's counsel for the co-defendant claim is procedurally defaulted. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). Alternatively, the court concludes that the movant suffered no prejudice as a result of the actions of counsel for the co-defendant. *See United States v. Garrett*, 961 F.2d 743, 746 (8th Cir. 1992).

In sum, the alleged errors that are asserted by the movant do not warrant relief under 28 U.S.C. § 2255. The movant's claims are meritless or procedurally defaulted. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that she raised in her 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because she does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If she desires further review of her 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (docket no. 1) is denied.

2) A certificate of appealability is denied.

**DATED** this 21st day of May, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA